IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RECO HAYES, | ) |
|    Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| QSI of Georgia, LLC d/b/a, QSI LLC and QSI SANITATION, | ) |
| | ) |
| AND | ) |
| GLENN JONES, Individually, | |
|    Defendants. | |

## COMPLAINT FOR DAMAGES

Now comes Plaintiff Reco Hayes ("Plaintiff" or "Hayes"), by and through counsel, and files this his Complaint for Damages against Defendant QSI of Georgia, LLC d/b/a, QSI LLC and/or QSI Sanitation ("Defendant QSI" or "QSI") and Defendant Glenn Jones ("Defendant Jones"), and shows this court as follows:

## PRELIMINARY STATEMENT

1. Plaintiff seeks a remedy for Defendants' interference with Plaintiff's right to take a leave of absence from employment and subsequent retaliatory and unlawful termination of employment in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq.

## JURISDICTION AND VENUE

2. This Court possesses subject matter jurisdiction over Plaintiff's claims because they arise under the laws of the United States. 28 U.S.C. § 1331; 29 U.S.C. § 1337; and 29 U.S.C. § 2617.

3. Venue is proper within this District because the unlawful practices complained of herein occurred within the Middle District of Georgia. Accordingly, venue lies in the United States District Court for the Middle District of Georgia under 28 U.S.C. § 1391(b).

## THE PARTIES

4. At all times relevant, Plaintiff was a citizen of the United States and a resident of Montgomery County, Georgia.

5. Plaintiff is an individual formerly employed by Defendants; is an "eligible employee" within the meaning of 29 U.S.C. § 2611(2); and is therefore an employee as defined within the meaning of the FMLA, working more than 1250 hours in the twelve (12) months preceding his termination and leave request.

6. At the time of the incidents relevant hereto, Plaintiff was employed by Defendants at a facility located at 189 W. Bypass, Moultrie, Georgia 31768.

7. Defendant QSI is a foreign limited liability company licensed to do business in Georgia, and at all times material hereto has conducted business within this district and is subject to the jurisdiction of this court.

8. Defendant Jones is the Area Manager at Defendant QSI and meets the definition of employer under the FMLA as he acts, directly or indirectly, in the interest of Defendant QSI; had supervisory authority over Plaintiff; exercised control over Plaintiff's leave; and was responsible in whole or in part for the alleged violations herein.

9. Defendants were the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

10. Defendant QSI had more than 50 employees within a 75-mile radius of the location in which Plaintiff was employed in each of 20 or more consecutive calendar weeks in both the calendar year during which his employment was terminated and in the preceding year within the meaning of 29 U.S.C. § 2611(4).

11. Defendant QSI may be served with process by delivering a copy of the *Summons* and *Complaint* to its Registered Agent, Business Filings Incorporated, 289 S. Culver St., Lawrenceville, GA, 30046-4805.

12. Defendant Jones may be served with process by delivering a copy of the *Summons* and *Complaint* to Defendant Jones at the facility he manages located at 189 W. Bypass, Moultrie, Georgia 31768.

## FACTS

13. Plaintiff worked for Defendants since approximately March 15, 2021 in the position of Site Manager until he was terminated on August 19, 2022.

14. Plaintiff worked for more than 1250 hours in the 12 months preceding his request for leave on August 19, 2022.

15. On or about August 19, 2022, Plaintiff requested FMLA-protected leave due to his minor child's serious health condition.

16. On or about August 19, 2022, Plaintiff called in to work and let his immediate supervisor, Area Manager Defendant Glenn Jones, know that he was rushing his minor child to the emergency room in Vidalia, Georgia.

17. Defendant Jones communicated back to Plaintiff and stated that he would not be needing Plaintiff anymore and immediately terminated Plaintiff.

18. Upon arrival at the Vidalia, Georgia emergency room on August 19, 2022, Plaintiff's minor son presented with a swollen neck mass.

19. Hospital staff were concerned that the mass may signal undiagnosed cancer and transferred the minor child to a children's hospital in Chatham County, Georgia for pediatric oncology follow up – tests.

20. Plaintiff's minor child was provided inpatient care from August 19, 2022 through August 22, 2022, and was incapacitated and unable to attend school or perform other regular daily activities due to the treatment for the serious health condition, which included examinations and evaluations of the condition which was diagnosed to be sialadenitis – a serious health condition.

## CLAIMS FOR RELIEF

## COUNT I – FMLA INTERFERENCE

21. Plaintiff realleges the preceding paragraphs as if set forth fully herein.

22. Defendants were on notice that Plaintiff required FMLA leave.

23. Defendants interfered with Plaintiff's use of his FMLA leave based on his notice of intent to take FMLA leave.

24. After notice has been given, the regulations obligate employers to, "in all cases," inquire further of the employee to obtain necessary details of leave to be taken. 29 C.F.R. § 825.305(c).

25. Despite being aware of Plaintiff's need for leave, Defendants did not request further information.

26. Defendants failed to grant leave to Plaintiff. Said failure to grant leave to Plaintiff was illegal interference under the FMLA.

27. Defendants further interfered with Plaintiff's FMLA rights by terminating him and/or by failing to inquire further regarding his request for leave.

28. Plaintiff would have taken available FMLA leave had Defendants not engaged in the above referenced conduct.

29. Defendants' actions as set forth above constituted interference under the FMLA and that said conduct of Defendants is actionable pursuant to 29 U.S.C. Sections 2615 and 2617. Defendants' actions were willful.

30. As a proximate result of the acts of Defendants, Plaintiff suffered the loss of his job including back pay, future pay, and lost fringe benefits and pension benefits. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

## COUNT II – FMLA RETALIATION

31. Plaintiff realleges the preceding paragraphs as if set forth fully herein.

32. Defendants willfully and unlawfully discharged Plaintiff and Plaintiff states that Defendants' actions in terminating his employment constituted interference, discrimination and retaliation against Plaintiff because of his exercising his rights provided for under the FMLA. Said conduct of Defendants is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

33. Any of Defendants' reasons for Plaintiff's termination are pretextual.

34. As a proximate result of the acts of Defendants, Plaintiff suffered the loss of his job including back pay, future pay, and lost fringe benefits and pension benefits. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. General damages for mental and emotional suffering;

B. Special damages for lost wages and benefits and prejudgment interest;

C. An amount of liquidated damages equal to his damages;

D.  Reasonable attorney's fees and expenses of litigation;

E.  Trial by jury as to all issues;

F.  Prejudgment interest at the rate allowed by law;

G.  Declaratory relief to the effect Defendants violated Plaintiff's rights;

H.  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein;

I.  All other relief to which he may be entitled.

Respectfully submitted the 26th day of January, 2023.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com